# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 10-40070-01-JAR |
| CHOUDHRY ZAFAR IQBAL, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER DENYING MOTION FOR RELEASE ON CONDITIONS PENDING APPEAL

This matter is before the Court on Defendant Choudhry Iqbal's Motion for Release on Conditions Pending Appeal (Doc. 134).[1] Defendant, who has not yet begun serving his sentence,[2] argues his release is warranted under 18 U.S.C. § 3143(b). The Government opposes Defendant's motion.

Pursuant to § 3143(b)(1), a defendant requesting release pending appeal must be detained unless the court finds that (1) the defendant has established by clear and convincing evidence that if released, he is not likely to flee or pose a danger to the safety of any other person or to the community, and (2) the defendant has established by a preponderance of the evidence

---

[1] Although the parties have not raised the issue, the Court notes that it has jurisdiction to entertain Defendant's motion, even though he has filed his notice of appeal. *See United States v. Meyers*, 95 F.3d 1475, 1488 n.3 (10th Cir. 1996), *cert. denied*, 522 U.S. 1006 (1997) ("Although the filing of a notice of appeal usually divests the district court of further jurisdiction, the initial determination of whether a convicted defendant is to be released pending appeal is to be made by the district court."); *United States v. Affleck*, 765 F.2d 944, 954 (10th Cir. 1985) (same).

[2] *See* Federal Bureau of Prisons, Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited Aug. 31, 2012).

that his appeal is not for delay purposes but actually raises a substantial question of law or fact which if determined favorably on appeal would likely result in reversal, an order for new trial, a sentence with no term of imprisonment, or a reduced sentence.[3] A substantial question is a close question or one that very well could be decided the other way.[4] The Court discusses each required showing in turn.

### *Risk of Flight/Danger to Others or Community*

Defendant must establish by clear and convincing evidence that he does not pose a flight risk if released. Defendant asserts that he is not a flight risk, noting that he was released on his own recognizance before trial and that he has successfully fulfilled all the conditions of release. Defendant has no history of failing to appear for court as directed. In contrast, the government notes Defendant's lack of citizenship, his many family connections overseas, his low net worth, his lack of candor with law enforcement, and the substantial restitution he has been ordered to pay. There is no suggestion that Defendant presents an actual or financial danger to any other person or to the community.

The Court finds that Defendant has failed to establish by clear and convincing evidence that he does not pose a flight risk if he remains free during the appeal.

### *Substantial Question*

Although Defendant has not established that he does not pose a flight risk, the Court further addresses whether he has met his burden with respect to the substantial question requirement of § 3143(b). As used in § 3143(b)(1)(B), "'substantial' defines the level of merit

---

[3] *See Affleck*, 765 F.2d at 952–53.

[4] *Id.* at 952.

required in the question presented and 'likely to result in reversal or an order for a new trial' defines the type of question that must be presented."[5] This second prong of the test is satisfied if "'the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'"[6]

Defendant addressed the second prong of the substantial question requirement, but fails entirely to address the first prong. Because Defendant has not set forth any argument that his claims on appeal have merit such that they are close questions or questions that very well could be decided the other way, the Court concludes that Defendant has not met the conditions of § 3143(b), and his release pending appeal is not warranted.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Release on Conditions Pending Appeal (Doc. 134) is DENIED.

**IT IS SO ORDERED.**

Dated: September 12, 2012

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE

---

[5]*United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985).

[6]*Affleck*, 765 F.2d at 953 (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)).